UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: Ariel Barel<br><br>Debtor. | Case No. 2:19-cv-16054-ES<br><br>Case: 19-11416-JKS |
| Ariel Barel<br><br>Plaintiff/Appellant, v.<br><br>Federal National Mortgage Association<br><br>Defendant/Appellee. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BY FEDERAL NATIONAL MORTGAGE ASSOCIATION.**

I.     **PRELIMINARY STATEMENT**

The Court should dismiss Appellant's Appeal because the Bankruptcy Court properly granted Federal National Mortgage Association ("FNMA" or "Appellee") Motion for In Rem Relief from the Automatic Stay. Appellant's Appeal seeks to re-litigate claims he raised in the pending Bankruptcy action, as well as, other pending Adversary Complaints relative to the property commonly known as 114 Warbler Drive, Wayne, NJ 07470 (the "Property"). Throughout the foreclosure, Appellant filed various motions, appeals and lawsuits in both State and Federal Court, all in an attempt to thwart the foreclosing lender's ability to complete its foreclosure and eviction. This latest actions of Appellant, the filing of the underlying appeal, include no new issues and no newly discovered facts. Rather, it simply regurgitated the same arguments, allegations and fabricated legal conclusions utilized in all of Appellant's prior filings. Appellee's Motion for In Rem Relief from the Automatic Stay was properly granted because the Property was not part of the Appellant's bankruptcy estate and the Appellant had nothing more than a mere possessory interest in the Property.

## II. FACTS AND PROCEDURAL HISTORY

On March 8, 2006, Karen Barel executed to Atlantic Stewardship Bank an obligation ("Note") to secure the sum of $255,000.00, payable on April 1, 2036, with the initial rate of interest of 6.25% per annum. The Note was payable by payments of $1,570.08 per month for interest and principal. A copy of the Note is attached hereto as **Exhibit A**. On March 8, 2006, to secure the payment of the obligation, Karen Barel and Plaintiff executed and delivered to Atlantic Stewardship Bank a mortgage to secure the obligation above (the "Mortgage") on real property commonly known as 114 Warbler Drive, Wayne, NJ 07470 (the "Property"). A copy of the Mortgage is attached hereto as **Exhibit B**. Said Mortgage was recorded March 22, 2006 in the Office of the Register of Passaic County as Instrument No. 2006026031, in Book M7362, Page 281.

Between March 8, 2006 and August 2015, the Mortgage was assigned from Atlantic Stewardship Bank to Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for GMAC Bank, its successors and assigns (hereinafter referred to as "MERS") to Ditech Mortgage Corp. See **Exhibits C-G.**

On January 1, 2009, Plaintiff and non-filing co-borrower Karen Barel defaulted on their monthly mortgage payments. On November 26, 2014, PHDJ, as counsel for Green Tree Servicing LLC, filed a foreclosure action in the New Jersey Superior Court Chancery Division (Passaic County) docketed at F-049914-14. A copy of the Complaint is attached hereto as Defendant's **Exhibit H**. On March 31, 2015, Plaintiff filed an Answer to the Foreclosure Complaint with Counterclaims against Merscorp, MERS, Green Tree Servicing LLC and a Third Party Complaints against Nationwide Title Clearing, Inc. and Defendant. On August 19, 2015, the Superior Court entered two Orders dismissing Plaintiff's third party claims against Merscorp and MERS. On August 31, 2015, the Superior Court entered an Order dismissing Plaintiff's third party claims against Nationwide Title Clearing, Inc. On

August 5, 2016 the Superior Court entered an Order dismissing Plaintiff's Third Party Claims against Defendant.  A copy of the dismissal Orders are attached hereto as **Exhibit I.**

On September 30, 2015, Karen Barel filed a voluntary Chapter 13 Bankruptcy Petition, docketed as Case No. 15-28409-VFP.  On February 26, 2016, Ditech Financial f/k/a Green Tree Servicing, LLC filed a Motion for Relief from the Automatic as to the Property (see docket entry 53 in BK 15-28409-VFP).  An Order granting Ditech Financial f/k/a Green Tree Servicing, LLC's Motion for Relief from the Automatic Stay was entered on May 11, 2016 (see docket entry 64 in BK 15-28409-VFP).  On November 8, 2017 an Order Discharging Debtor was entered (see docket entry 82 in BK 15-28409-VFP) and the bankruptcy case was closed on December 7, 2017.

On July 16, 2016, Plaintiff filed a Motion to Dismiss Foreclosure Complaint in the Superior Court.  Plaintiff argued that the statute of limitations lapsed, Green Tree Servicing LLC was not authorized to conduct business in New Jersey, Green Tree Servicing lacked standing in the foreclosure action, and the assignment of mortgages were fraudulent.  On August 5, 2016 the Superior Court entered an Order dismissing Plaintiff's Motion to Dismiss Foreclosure Complaint.  A true and correct copy of the Dismissal Order is attached hereto as **Exhibit I**.  Plaintiff appealed the Superior Court's Order to the Supreme Court of New Jersey.  On October 14, 2016 the Supreme Court of New Jersey entered an Order denying Plaintiff's appeal.  A copy of the Denial Order is attached hereto as **Exhibit J**.  Plaintiff sought a Motion for Reconsideration of the Supreme Court of New Jersey's Order denying appeal.  On January 17, 2017, the Supreme Court of New Jersey entered an Order denying Plaintiff's Motion for Reconsideration.  A copy of the Order is attached hereto as **Exhibit K**.

On January 17, 2018, a Final Judgment was entered in the Foreclosure Action in the amount of $508,224.35.  A copy of Final Judgment is attached hereto as **Exhibit L**.  A Sheriff Sale was scheduled for March 27, 2018.  On February 1, 2018, Plaintiff filed a Motion to Vacate Entry of Final Judgment and Writ of Execution for Failure to Serve Motion for Final Judgment with the Superior

5

Court. Plaintiff argued that final judgment was void because he was never served with the Motion to Enter Final Judgment. The Sheriff Sale scheduled for March 27, 2018 was adjourned to April 10, 2018 and again to April 24, 2018 due to Plaintiff utilizing their statutory adjournments. On April 18, 2018, the Superior Court entered an Order denying Plaintiff's Motion to Vacate Entry of Final Judgment and Writ of Execution for Failure to Serve Motion for Final Judgment. A copy of the Order is attached hereto as **Exhibit M**. On April 24, 2018 Plaintiff filed an Emergent Application to Stay the Sale with the Superior Court. The Superior Court denied Plaintiff's Emergent Application to Stay the Sale but further adjourned the Sheriff Sale to May 29, 2018 to allow the Plaintiff an opportunity to file an Application for leave to file an emergent motion on short notice, for stay of the May 29, 2018 Sheriff's Sale pending appeal. On May 18, 2018 the Appellate Division denied Plaintiff's Application for Permission to File Emergent Motion. A copy of the Order is attached hereto as **Exhibit N**.

On May 29, 2018 at 2:39 PM the Property was sold at Sheriff Sale to Ditech Financial LLC. On the same day as the Sheriff Sale, Plaintiff filed a Motion to Stay Sheriff's Sale Pending the Outcome of the Challenge of Jurisdiction Filed in the Superior Court of New Jersey and Pending the Outcome of the Appeal. Plaintiff challenged the New Jersey Superior Court's jurisdiction that attempted to force compliance with its deceptive practices, procedures, and rules, and word-smiting. On May 30, 2018, Ditech Financial LLC assigned its successful bid to Federal National Mortgage Association (hereinafter referred to as "FNMA"). On June 1, 2018, the Assignment of Bid was sent to the Sherriff of Passaic County.

On June 12, 2018, the Superior Court of New Jersey Appellate Division entered an Order denying Plaintiff's Motion to Stay Sheriff's Sale Pending the Outcome of the Challenge of Jurisdiction Filed in the Superior Court of New Jersey and Pending the Outcome of the Appeal. A copy of the Denial Order is attached hereto as **Exhibit O.** The Sheriff's Deed was subsequently

6

recorded on June 28, 2018 in Passaic County in as Instrument No. 2018028763 in Book D3342, Page 71.  A copy of the Sheriff's Deed is attached hereto as **Exhibit P.**

On July 3, 2018, Plaintiff filed an Appeal with the Superior Court of New Jersey Chancery Division Passaic County.  Plaintiff's appeal raised the following issues: (1) Whether the Trial Court deprived Plaintiff of due process rights, violated Plaintiff's unconditional unalienable rights, abused its discretion and/or erred by, striking Plaintiff's contested answer and dismissing Plaintiff's counterclaims and third party complaint; (2) Decide under what authority Green Tree was allowed to proceed with foreclosure complaint; (3) Decide under what authority the trial court acted contrary to well settled law of assignment of mortgages; (4) Decide under what authority the trial court refused to dismiss the complaint under statute of limitations and; (5) Decide under what authority the Office of Foreclosure authorized ex parte robo-signed entry of final judgment, and/or the Clerk of the Superior Court authorized Writ of Possession resulting in sale of Plaintiff's real estate.  Plaintiff's Appellate brief needed corrections on three separate occasions and the final Appellate brief was filed with the Superior Court of New Jersey on November 9, 2018.

Plaintiff again requested permission to file an emergent motion and any related request for a temporary stay or other relief pending disposition of an emergent motion with the Supreme Court of New Jersey.  On October 30, 2018 Plaintiff's request was denied by the Supreme Court of New Jersey.  A copy of the Denial Order is attached hereto as **Exhibit Q.** On January 24, 2019, Plaintiff filed an Emergent Application for Stay of Eviction with the Superior Court of New Jersey.  Plaintiff's Emergent Application for Stay of Eviction was denied by the New Jersey Superior Court.

On January 23, 2019, Plaintiff, filed a voluntary Chapter 7 Bankruptcy Petition docketed as Case No. 19-11416-JKS.  On January 31, 2019, Defendant filed a Motion for In Rem Relief from the Automatic Stay on behalf of FNMA (see docket entry 12).  On February 11, 2019, Bankruptcy case 19-11416 was dismissed for Plaintiff's failure to file missing documents.  On Februaty 22, 2019, Plaintiff filed a Motion to Vacate Dismissal of Case (see docket entry 19).  On March 26, 2019, an

7

Order Granting Plaintiff's Motion to Vacate Dismissal of Case was entered (see docket entry 22). On April 1, 2019, the Chapter 7 Trustee filed a Notice of Proposed Abandonment of the Property (see docket entry 26).

On April 9, 2019, a hearing was held in connection with Defendant's Motion for In Rem Relief from the Automatic Stay. A limited relief order was entered by the Court granting stay relief for the limited basis to allow Plaintiff's appeal pending in the New Jersey Appellant Division to proceed (see docket entry 31). An Order Discharging Debtor was entered by the Court on April 18, 2019 (see docket entry 33). A Certification of No Objection to the Chapter 7 Trustee's Abandonment of the subject property was entered on April 26, 2019 (see docket entry 35). On the same day, Plaintiff filed an Objection to the Notice of Proposed Abandonment of the Property (see docket entry 36). On May 22, 2019, the Court entered an Order Approving Chapter 7 Trustee's Abandonment of the Property (see docket entry 38). On May 22, 2019, a Writ of Possession was entered by the New Jersey Superior Court as Writ instrument number 19008466. On June 5, 2019, the Passaic County Sheriff's Office sent an Eviction Notice advising the Plaintiff that he must vacate the subject property by July 31, 2019.   On June 6, 2019, Plaintiff's Chapter 7 Bankruptcy case was closed but subsequently administratively reopened. On June 6, 2019, Plaintiff filed a Motion for an Injunction or an Order to Enforce the Automatic Stay (see docket entry 42). On July 9, 2019, Defendant filed a Response to Plaintiff's Motion for an Injunction or an Order to Enforce the Automatic Stay (see docket entry 45). On July 22, 2019, Plaintiff filed the Adversary Complaint against Defendant (see docket entry 47). On July 29, 2019, the Court made a notation that Defendant's Motion for In Rem Relief from the Automatic will be re-listed and heard with Plaintiff's Motion for an Injunction or an Order to Enforce the Automatic Stay. On July 30, 2019, the Court entered an Order Denying Plaintiff's Motion for an Injunction or an Order to Enforce the Automatic Stay (see docket entry 54) and an Order granting Defendant's Motion for In Rem Relief from the Automatic Stay (see docket

8

entry 55). On July 30, 2019, Debtor filed an Appeal of the Court's ruling granting Defendant In Rem relief which remains pending with the New Jersey District Court.

On July 31, 2019, Defendant reached out to the Passaic County Sheriff's Office to stay the July 31, 2019 eviction and lock out. On August 1, 2019, the Passaic County Sheriff's Office sent Debtor an Eviction Notice advising the eviction was rescheduled for September 4, 2019. On August 29, 2019, Plaintiff filed an Emergent Application for Stay of Eviction in the Superior Court of New Jersey Passaic County Chancery Division. The New Jersey Superior Court stayed the eviction and lockout to September 26, 2019. A copy of the Order to Stay Eviction is attached hereto as **Exhibit R**.

Oral argument in connection with Plaintiff's appeal were held on September 9, 2019 at the Superior Court of New Jersey Appellate Division. On September 17, 2019, the Superior Court of New Jersey Appellate Division issued a decision on the numerous claims raised by the Plaintiff. A copy of the Appellate Court's Decision is attached hereto as **Exhibit S.** The Appellate Court rejected Plaintiff's arguments that the trial court deprived Plaintiff of due process and erred by dismissing his counterclaims and third-party complaint for common law fraud, violation of the statute of frauds, conversion of the Note, and civil racketeering. Plaintiff's claim for fraud was properly dismissed because Plaintiff failed to state a claim for fraud because he did not allege detrimental reliance "on the actions of the third party defendants," and the Assignment of Mortgage into Green Tree caused Plaintiff no economic harm. Plaintiff's statute of fraud claim was properly dismissed due to the claim lacking merit because the Mortgage contained a description of the subject property and other information required by N.J.S.A. 25:1-11(a) and the Assignment of Mortgage was "reduced to writing" which satisfies the statute of frauds. Plaintiff's claim of conversion of the Note was properly dismissed because Plaintiff was a non-party to the Note and lacked standing to assert a claim for conversion of the Note. Plaintiff's claim for civil racketeering under N.J.S.A. 2C:41-1(d) was properly dismissed because the Court found no "pattern of racketeering activity" and the alleged incidents of racketeering activity did not embrace criminal conduct. Furthermore, the Court further

found that Plaintiff "offered no factual support for claims of unlawful activity" and had "failed to illustrate any planning or coordination among the third party defendants to engage in such fraudulent behavior at the expense of the homeowner."

The Appellate Court rejected Plaintiff's argument that the Complaint was time-barred by the six-year statute of limitation governing an action on the promissory Note because the argument "is contrary to long settled case law and has no merit." The Court determined the action was not time-barred and the Complaint was filed long before the Note and Mortgage's maturity date in compliance with N.J.S.A. 2A:5-56.1(a), less than thirty six years after the mortgage was recorded in compliance with N.J.S.A. 2A50-56.1(b), and less than twenty years after the payment default in compliance with N.J.S.A. 2A:50-56.1(c).

The Appellate Court further rejected Plaintiff's argument that the trial judge erred in finding that Defendant had standing to foreclose. To have standing, a foreclosing plaintiff must either have possession of the promissory note or an assignment of the mortgage that predates the original complaint. The Appellate Court determined that the trial judge properly found that the foreclosing party possessed the original Note indorsed in blank, before it filed the foreclosure complaint, making it a "holder of the instrument" under N.J.S.A. 12A:3-301 and N.J.S.A. 12A:3-205(b), and thus had standing to foreclose as the holder of the Note. The trial court's record fully supported those findings and conclusions and properly struck Plaintiff's answer and returned that matter to the Office of Foreclosure to proceed as an uncontested matter.

On September 26, 2019, Plaintiff filed an emergent Application to Stay the September 30, 2019 Lockout. The Superior Court adjourned the hearing to allow Defendant to file a supplemental brief outlining the Bankruptcy issues raised by Plaintiff and stayed the eviction to October 11, 2019. On October 8, 2019, the New Jersey Superior Court denied Plaintiff's emergent Application to Stay the September 30, 2019 lockout and stayed the eviction to October 18, 2019. A copy of the Superior

Court Order is attached hereto as **Exhibit T**. The Superior Court determined that the Defendant did not violate 11 U.S.C. §362(a) with the issuance of the Writ of Possession.

### III.   STANDARD OF REVIEW

Defendant, Federal National Mortgage Association (hereinafter referred to as "FNMA") moves to dismiss Plaintiff's Adversary Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). A Motion to Dismiss under Rule 12(b)(1) can be argued either facially or factually. See Otto v. Wells Fargo Bank, N.A. 2016 U.S. Dist. LEXIS 92711 *4 (D.N.J. July 15, 2016) (explaining that the basis of including the procedural history was not to discuss the facts at hand but to show that the issues were previously litigated). In assessing a motion to dismiss, the Court assumes that facts alleged in Plaintiff's Complaint are true and should dismiss if, notwithstanding the facts, a legitimate claim will not be forthcoming. Id.

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint and whether the allegations are sufficient to state a claim upon which relief can be granted. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Fed. R. Bankr. Pro. 7012 (incorporating Fed. R. Civ. P. 12(b)(6)). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court should consider the factual allegations in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents submitted by a defendant relating to plaintiffs' claims. Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir.1998); Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d. Cir. 1997).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

11

alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Stating a claim requires a complaint with enough factual matter (accepted as true) to suggest the elements of a cause of action. Gaston v. United States Post Office, 2009 U.S. App.LEXIS 5673 at *7 (3d Cir. 2009). "The factual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Philips v. County of Allegheny, 515 F.3d 224, 233 (3d. Cir. 2008) The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. It is not enough to allege the defendants acted improperly or made mistakes.

In the Third Circuit, when presented with a motion to dismiss for failure to state a claim, courts are required to conduct a two part analysis. Fowler v. UPMC Shadyside, 578 F.3d, 210 (3d. Cir 2009). First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions. Id. at 210. Second, a court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Id.

Further, a court may consider matters of public record, as well as documents that are relied upon in the complaint. See Lum v. Bank of Am., 361 F.3d 217 (3d Cir. 2004)(explaining that a document not attached to the Complaint was properly relied upon because of the integral part it played in the pleadings). Additionally, a court may consider "documents whose contents are alleged in the Complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Klock, 2012 WL 315049, at *2 (quoting Pryor v.

12

National Collegiate Athletic Ass'n, 288 F.3d 383, 388 (3d. Cir. 2002); see also U.S. Express Lines, Ltd. Higgens, 281 F.3d 383, 388 (3d Cir. 2002)(stating that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment").

Here, Plaintiff's Complaint falls far short of the standard discussed above as it relies overwhelmingly on conjecture and assumptions. Specifically, Plaintiff claims are based on a false assertion completely devoid of any legal argument or basis that Defendant's actions taken in the underlying foreclosure action and the issuance of the Wirt of Possession were in violation of 11 U.S.C. §362(a). In accepting all of Plaintiff's factual assertions as true, there is simply no way that this Complaint meets the pleading standard set forth above because it requires overwhelmingly this Court adopt a false assertion that actions taken by the Defendant in the Foreclosure Action were in violation of 11 U.S.C. §362(a). This Court is further precluded from determining whether Defendant's actions taken in the Foreclosure Action were in violation of 11 U.S.C. §362(a) due to the October 8, 2018 Superior Court Order which triggers application of the *Rooker-Feldman Doctrine*. Furthermore, Plaintiff's request that the Court apply a "less stringent standard" due to Plaintiff being an unrepresented litigant should be denied in its entirety and the standard set forth above should apply in full force and effect.

## IV. LEGAL ARGUMENT

Appellant continues to raise claims against Appellee in various forums solely in an attempt to obtain a different result. Appellant, who is merely forum shopping, refuses to accept any of the courts' rulings entered against him. The Property was not an asset of the Appellant's Bankruptcy

Estate and Appellant had nothing more than a mere possessory interest in the Property at Bankruptcy filing.

The Bankruptcy Court's decision to grant Appellee In Rem Relief from the Automatic Stay should be affirmed in all respects and Appellant's Appeal should be dismissed with prejudice. In concluding to grant Appellee's Motion for In Rem Relief from the Automatic Stay, the Bankruptcy Court properly determined that the Property was not property of the Estate when the Bankruptcy was filed and Appellant had a naked possessory interest in the Property that expired by virtue of the Sheriff's Deed. The Bankruptcy Court further determined that 11 U.S.C. §362(a) only protects property of the estate and the Property was not property of the estate when Appellant's Bankruptcy was filed.

### A. THE PROPERTY WAS NOT AN ASSET OF APPELLANT'S BANKRUPTCY ESTATE AND APPELLANT HAD NOTHING MORE THAN A MERE POSSESSORY INTEREST IN THE PROPERTY

Appellant filed his Bankruptcy Petition on January 23, 2019, <u>after</u> the Sheriff's Deed was recorded in favor of Appellee on June 28, 2018, at Book D3342, Page 71 and after the Writ of Possession was issued on September 28, 2018, just four months earlier. Accordingly, under decisional law, the Property was not an asset of the Appellant's Bankruptcy Estate and Appellant had nothing more than a mere possessory interest in the Property at Bankruptcy filing.

When a Bankruptcy Petition is filed, 11 U.S.C. §362(a) operates to stay and stop all collection and foreclosure actions with respect to the property of the Bankruptcy Estate. Section 541 of the United States Bankruptcy Code broadly defines "property of the estate" as "all legal or equitable interests of the debtor in the property as of the commencement of the case." The United States Court of Appeals for the Third Circuit, concurring with the Court of Appeals for the Second Circuit, has held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under section 541, and thus the protection of the automatic stay of Section 362." <u>Cuffee v. Atl. Bus. &</u>

14

Cmty. Dev. Corp., 901 F.2d 325, 328 (3d Cir. 1990).  The nature and extent of a debtor's interest in the property are defined by state law.  See In re St. Clair & Karen M. St. Clair, 251 B.R. 660, 666 (D.N.J. 2000).  Aff'd St. Cair v. Wood, 281 F.3d 224 (3d. Cir. 2001) (holding that "debtors lacked a property interest in, or a good-faith, colorable claim to possession of, the property").

Pursuant to New Jersey law, "a purchaser at a mortgage foreclosure sale obtains the legal right to possession of land purchased as soon as he obtains a deed from the selling officer."  New Jersey Practice, Law of Mortgages § 373.  The Bankruptcy Court has held, "thus, upon issuance of a writ of possession, any possessory interest a mortgagor has vis-à-vis the purchaser, whether by tenancy at sufferance or otherwise, is expunged."  In re St, Clair & Karen M. St. Clair, 251 B.R. 660, 665 (DNJ 2000).  The Court further held that "property from the estate encompasses property in the possession or control of the trustee or the debtor-in-possession, but only to the extent the trustee of debtor-in-possession has a good faith, colorable claim to possession or control of the property."  Id. at 666. (emphasis added).

The facts at hand are analogous to the facts presented in In re St, Clair & Karen M. St. Clair, 251 B.R. 660 (DNJ 2000).   Specifically, in In re St, Clair a Lender foreclosed on the real property of the Debtors and was the successful bidder at the Sheriff's Sale.  Id. at 662. The Lender obtained a Writ of Possession from State Court and scheduled an eviction. Id. A few days prior to the eviction the Debtor filed for Bankruptcy protection. Id. at 663. The Lender subsequently obtained relief from the automatic stay with prospective relief providing that any future bankruptcy filed by the debtors would not impose an automatic stay of efforts by the Lender to recover possession of the Property. Id. The Debtors moved for reconsideration which was denied. Id. Debtors then filed an Appeal to the United States District Court for the District of New Jersey.

As part of the appeal, the District Court had to determine the threshold issue of whether or not the interest of the debtors in the Property is one that is protected under section 362 of the Bankruptcy Code. Id. at 664. The District Court reviewed the Bankruptcy Code as well as New Jersey State law

15

and determined that the property would <u>not</u> be considered property of or from the estate under 11 U.S.C. §362(a)(3), since lender had a legal right to possession due to writ of possession being issued pre-Bankruptcy filing.  <u>Id</u>. at 666.  Since the property was not property of the estate, there was no automatic stay protection.  <u>Id.</u> at 668.

Therefore, "a Debtor retains legal title to the property until completion of the process of the sheriff's sale, expiration of the redemption period and transfer of the deed to the successful bidder.  In addition, debtor retains possession of the property until a Writ of Possession is issued following the transfer of the sheriff's deed."  <u>In re Mullarkey,</u> 81 B.R. 280, 283 (D.N.J. Nov. 19 1987). Accordingly, Debtor has no legal title or possessory interest to the Property due to the May 29, 2018 Sheriff's Sale, expiration of the redemption period, transfer of the deed and filing of the September 28, 2018 Writ of Possession.

As such, Appellant's Appeal must be dismissed in its entirety with prejudice and the Court should affirm the July 30, 2019 Order for In Rem Relief from the Automatic Stay.

### B. THE AUTOMATIC STAY WAS NOT IN EFFECT DUE TO THE BANKRUPTCY COURT'S DISCHARGE ORDER ENTERED ON APRIL 18, 2019

Pursuant to 11 U.S.C. §362(c)(2) "the stay of any other act under subsection (a) of this section continues <u>until the earliest of</u> – (A) the time the case is closed; (B) the time the case is dismissed; or (C) <u>if the case is under chapter 7 of this title concerning an individual, the time a discharge is granted or denied</u>."  On April 18, 2019, an Order Discharging Debtor was entered by the Bankruptcy Court. Therefore, as of April 18, 2019, the automatic stay "of any other act" self-terminated by statute and was not in effect due to the entry of the Order Discharging Debtor entered by the Bankruptcy Court.

As such, Appellant's Appeal must be dismissed in its entirety with prejudice and the Court should affirm the July 30, 2019 Order for In Rem Relief from the Automatic Stay.

### V.     CONCLUSION

16

For all of the foregoing, even accepting as true the factual allegations in Plaintiff's Appeal and all reasonable inferences deducible therefrom, this Honorable Court should grant Defendant, Federal Mortgage Association's Motion to Dismiss the Appeal for failure to state any cognizable claims and Order such additional relief as the Court deems just and proper.

Dated:  October 16, 2019                    /s/Sherri J. Smith,Esquire
                                            Sherri J. Smith, Esquire, Id No. 18002002
                                            Phelan Hallinan Diamond & Jones, PC
                                            1617 JFK Boulevard, Suite 1400
                                            Philadelphia, PA 19103
                                            Tel: (856) 813-5500 Ext. 42689
                                            Fax: 856-813-5501
                                            Email: sherri.smith@phelanhallinan.com