IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **Ariel Barel** | : | **Chapter 7** |
| | : | |
| Debtor | : | **Bankruptcy No. 19-11416** |
| | : | |
| | : | **Judge: John K. Sherwood** |
| **Ariel Barel** | : | |
| | : | |
| | : | **Civil Action** |
| Appellant | : | |
| v. | : | **Bankruptcy Appeal District Court No.: 19-cv-16054-ES** |
| **Federal National Mortgage Association** | : | |
| | : | **Judge: Esther Salas** |
| Appellee | : | |
| | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF APPELLEE'S MOTION
TO DISMISS APPEAL PURSUANT TO FED. R. CIV. P. 12(b)(1)**

**I.    ARGUMENT**

Appellee, Federal National Mortgage Association, hereby submits this Reply in further support of its Motion to Dismiss Appeal for want of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)[1]. As an initial matter, Appellee will not respond to the derogatory comments made by the *pro se* Appellant, Ariel Barel. However, Appellee does submit this reply to further elaborate on why the Appeal should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) and on procedural grounds.

As set forth in Appellee's initial Motion to Dismiss and Brief, the Bankruptcy Appeal should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) based upon the

---

[1] Appellee inadvertently also made reference to Federal Rule of Civil Procedure 12(b)(6) in its initial Motion to Dismiss and Brief.

1

Rooker-Feldman doctrine and because the subject property never became a part of the Bankruptcy estate. It is well settled that a "district court may, at any time, dismiss *sua sponte,* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, frivolous, devoid or merit, or no longer open to discussion." Hann v. State Treasurer, 2009 U.S. Dist. LEXIS 330377 *9 (E.D. MI Jan. 28, 2009) (quoting Apple v. Glenn, 18 F.d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 5607, 94 S.CT. 1372, 39 L.Ed.2d 577 (1974)). "The same reasoning applies to a frivolous bankruptcy appeal such as this one." Id.  Moreover, "[a]n appellee may move to dismiss an appeal from a bankruptcy court on certain jurisdictional or procedural grounds…" Wong v. PNC Bank, N.A., 2017 U.S. Dist. LEXIS 28309 *5 (16-cv-02254), (D. N.J. Feb 28, 2017) (citing In re Fryer, 25 F. App'x 951, 953 (3d Cir. 2007), (In re Tempo Tech. Corp., 202 B.R. 363, 374 (D. Del. 1996), (In re Richardson Indus. Contractors, Inc., 189 F. App'x 93, 96 (3d. Cir. 2006)).

As set forth in Appellee's Brief in support of the Motion to Dismiss Appeal, the Rooker-Feldman doctrine applies to this matter to deprive this Court of jurisdiction to hear this Appeal. As recited by the long, protracted and tortuous procedural history of this case (brought on by the Appellant), Final Judgment in Foreclosure was entered against the Appellant on January 17, 2018. See **Exhibit L.** Appellant's State Court Motion to Vacate Final Judgment was denied. See **Exhibit M.** The Property was subsequently sold at Sheriff's Sale on May 29, 2018, and deed recorded in favor of the Appellee on June 28, 2018. See **Exhibit P.** The first Writ of Possession issued by the State Court on September 28, 2018 and lockout was scheduled for January 24,

2019. However, Appellant filed the underlying Chapter 7 Bankruptcy Petition on January 23, 2019 to thwart Appellee's eviction efforts[2].

Appellant's entire appeal is premised on the fact that the Bankruptcy Court was wrong in granting Appellee In Rem Relief from the Stay and that the stay remained pending as to his possessory interest in the property. Appellant also continues to maintain his stance that the Foreclosure Judgment was improperly granted. However, the State Court has spoken on this issue multiple times and the Judgment in Possession is a product of the entry of Final Judgment which cannot be disturbed by any Federal Court. In fact, Appellant's arguments hinge on the fact that he was (1) entitled to possession of the property and (2) the state court judgment was incorrect.

However, it is well settled that the *Rooker-Feldman* Doctrine stands for the proposition that federal courts lack subject matter jurisdiction to review and reverse judgments rendered by state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1257 (conferring certiorari power solely upon the United States Supreme Court). In other words, "the *Rooker-Feldman* doctrine divests a lower federal court of subject matter jurisdiction of an action if the relief requested would effectively reverse a state court decision or void its ruling." Sabertooth, LLC (In re Sabertooth), 443 B.R. 671, 679 (Bankr. E.D. Pa. 2011); see also Turner v. Crawford Square Apts. III. L.P., 449 F.3d 542, 546-47 (3d Cir. 2006); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).

In Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159 (3d Cir. 2010), the Court of Appeals "[broke] down the holding of Exxon Mobil, [and] conclude[d] that there are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the

---

[2] Appellant has since been evicted from the property on October 18, 2019. The Court may also dismiss the Appeal based upon mootness.

federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining, 615 F.3d at 166 (internal quotations and alterations omitted). When these requirements are met, the district court lacks subject matter jurisdiction over the complaint. Id.

Moreover, because the Appellant filed his Bankruptcy Petition on January 23, 2019, after the Sheriff's Deed was recorded in favor of Appellee on June 28, 2018 and *after* the Writ of Possession was issued on September 28, 2018, the Property was never an asset of the Appellant's Bankruptcy Estate and not subject to the automatic stay or within the jurisdiction of the Bankruptcy Court. It is well settled that "a possessory interest in real property is within the ambit of the estate in bankruptcy under section 541, and thus the protection of the automatic stay of Section 362." Cuffee v. Atl. Bus. & Cmty. Dev. Corp., 901 F.2d 325, 328 (3d Cir. 1990). The nature and extent of a debtor's interest in the property are defined by state law. See In re St. Clair & Karen M. St. Clair, 251 B.R. 660, 666 (D.N.J. 2000). Aff'd St. Cair v. Wood, 281 F.3d 224 (3d. Cir. 2001) (holding that "debtors lacked a property interest in, or a good-faith, colorable claim to possession of, the property"). "[T]hus, upon issuance of a writ of possession, any possessory interest a mortgagor has vis-à-vis the purchaser, whether by tenancy at sufferance or otherwise, is expunged." In re St, Clair & Karen M. St. Clair, 251 B.R. 660, 665 (DNJ 2000). Moreover, "property from the estate encompasses property in the possession or control of the trustee or the debtor-in-possession, but only to the extent the trustee of debtor-in-possession has a good faith, colorable claim to possession or control of the property." Id. at 666. (emphasis added).

Here, because the Bankruptcy Court did not have jurisdiction to undermine the State Court Judgment in Foreclosure or the Writ of Possession, it lacked jurisdiction to entertain any

4

of Appellant's claims to the contrary. Moreover, because the Appellant did not have a colorable claim to possession or control of the property, it was never a part of the Bankruptcy Estate. Thus for all of these reasons, the Bankruptcy Court technically lacked jurisdiction to impose and/or maintain the bankruptcy stay as to the property, since it was never in place to begin with. Accordingly, under Federal Rule 12(b)(1), this Court can and should dismiss this Appeal for lack of jurisdiction. Moreover, it is also within this Court's desecration to award sanction against the Appellant for such a frivolous appeal, pursuant to Bankruptcy Rule of Appellate Procedure 8020.

Additionally, this Court can and should dismiss this Appeal on procedural grounds. Although not raised in the Motion to Dismiss, it is a matter of record that Appellant failed to timely file his Designation of Record on Appeal. On July 30, 2019 Appellant filed the Notice of Appeal to this Court. Pursuant to Rule 8009, Appellant had fourteen (14) days to file a designation of items to be included in the record on appeal and a statement of issues to be presented, but failed to do so. Instead, Appellant waited until August 16, 2019 to file a Statement of Issues and Designation of Record on appeal which was three (3) days late. On August 15, 2019, the Bankruptcy Court filed a "Certification of Failure to File Designation of Record" and also included a proposed Order dismissing the Appeal. See Docket Entry # 5. For these additional reasons, the Appeal should be dismissed.

## II.  **CONCLUSION**

For all of the foregoing, this Honorable Court should grant Appellee's Motion to Dismiss the Appeal and Order such additional relief as the Court deems just and proper.

Dated:  December 13, 2019                     /s/Sherri J. Smith,Esquire
                                              Sherri J. Smith, Esquire, Id No. 18002002
                                              Phelan Hallinan Diamond & Jones, PC
                                              1617 JFK Boulevard, Suite 1400
                                              Philadelphia, PA 19103
                                              Tel: (856) 813-5500 Ext. 42689
                                              Fax: 856-813-5501
                                              Email: sherri.smith@phelanhallinan.com